IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR358 |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME DANIELS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for discovery related to grand jury abuse (Filing No. 63). Defendant previously filed a motion seeking grand jury transcripts and asking for an evidentiary hearing (Filing No. 52). That motion was denied (Filing No. 55).

On August 19, 2004, an indictment was returned by the Grand Jury charging defendant in Count I with a conspiracy to distribute or possess with intent to distribute cocaine base (i.e., crack cocaine), and in Count II with distributing or dispensing cocaine. He initially entered a plea of not guilty to both counts at his arraignment on August 26, 2004. On October 18, 2004, he entered a plea of guilty to Count II of the indictment and on that same day, a jury was empaneled and the defendant went to trial on the charges contained in Count I of the indictment.

On October 19, 2004, the jury returned a verdict of guilty on Count I of the indictment. On February 4, 2005, the

defendant was sentenced to a term of two hundred forty (240) months on each of Counts I and II of the indictment, said terms to run concurrently.  On February 7, 2005, the defendant filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit (Filing No. 38).  That appeal is still pending before the United States Court of Appeals.

On April 18, 2005, the defendant filed a motion for an order directing that the defendant receive Grand Jury transcripts in connection with his case (Filing No. 52), which motion was denied on April 20, 2005 (Filing No. 55).

In his present motion, he is not seeking Grand Jury transcripts but is seeking a substantial amount of information regarding the makeup of the Grand Jury, the persons who testified before the Grand Jury, including an identification of those witnesses who testified under statutory or *de facto* immunity.  He also seeks an itemization of all documents or physical evidence shown to or introduced to the Grand Jury, and information as to whether the Grand Jury was properly advised with respect to the elements of the offenses charged.  This motion is sought in order "that defendant may effectively exercise his rights under Federal Rule of Criminal Procedure 12(b)(1) to raise the defense and objections based on defects in the institution of the prosecution."

This motion filed on September 21, 2005, is without merit. In *United States v. Mechanik, et al.*, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), the Supreme Court held:

> [T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

This holding is directly on point with respect to the defendant's claims in his motion. Having entered a plea of guilty, in effect, admitting that beyond a reasonable doubt he was guilty of the crime charged in Count II of the indictment, and by reason of the jury's return of a verdict on Count I finding him guilty beyond a reasonable doubt of the crime charged in Count I of the indictment, any error that may have occurred during the Grand Jury proceedings is now harmless error beyond a reasonable doubt. For these reasons, defendant's motion will be denied. Accordingly,

IT IS ORDERED that defendant's motion for discovery related to grand jury abuse (Filing No. 63) is denied.

DATED this 19th day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court