IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR358 |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME DANIELS, SR., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion for new trial premised on newly discovered evidence (Filing No. 89). Defendant seek s new trial on the basis of his allegations that certain proffer statements made by Greg Figures, Jeremy Smith and William Watson to the United States Attorney's Office were presented to the grand jury to falsely obtain an indictment against him. He claims that these same statements were used to indict Sterling McKoy, a/k/a Jerome.

The Court has carefully reviewed defendant's motion for a new trial based upon newly discovered evidence and finds nothing to justify a finding that the United States Attorney in any way misled the grand jury with respect to the indictment of Mr. Daniels. Only two of the persons mentioned in the grand jury testimony of Officer Steve Orsi, attached to defendant's motion, testified at the defendant's trial, i.e., Gregory Figures and Chaz Tucker. Both of these individuals testified that they had "talked on" between forty and seventy persons in making their

proffer statements.  Chaz Tucker further testified that he knew the defendant personally, having grown up with him, and had frequently dealt with the defendant in selling cocaine.  Greg Figures similarly acknowledged that he was personally acquainted with defendant and a review of his testimony makes it clear that he knew the difference between defendant and "Jerome," identified as Sterling McKoy.  There is nothing in the evidence presented by Mr. Daniels to suggest any misconduct of any kind on the part of the United States Attorney in obtaining the indictment in this case.

      The indictment returned by the grand jury consisted of two counts.  Count I charged the defendant with conspiracy to distribute crack cocaine, and Count II charged him with possession with intent to distribute less than five grams of crack cocaine.  Prior to trial, he voluntarily entered a plea of guilty to Count II of the indictment and went to trial on Count I.  The jury returned a verdict, finding defendant guilty of the crime charged in Count I of the indictment, and defendant was sentenced to a term of 240 months imprisonment on each Count I and Count II, said sentences to run concurrently.

      Defendant appealed his conviction on Count I to the United States Court of Appeals for the Eighth Circuit, which affirmed his conviction and sentence in an opinion filed May 8,

2007 (Filing No. 71). The mandate was subsequently issued and filed on July 9, 2007 (Filing No. 79).

The "irregularities" to which defendant alludes are not such that would justify or permit the Court to dismiss an indictment as these errors, if they did occur, did not prejudice the defendant. *See Bank of Novo Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed2d 228 (1988). As noted in *United Statse v. Valencie-Lucena*, 925 F.2d 506, 511 (1st Cir. 1991), the Court of Appeals for the First Circuit held:

> [T]he fact that the defendants were convicted by a petit jury acts as a cure for any error which may have resulted during grand jury proceedings. An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on its merits. A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is merely a preliminary phase and all constitutional protections are afforded at trial. Once a defendant has been convicted by a petit jury, the petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted.

The claimed errors would not justify dismissing the indictment, nor do they constitute a basis for granting defendant a new trial. For the foregoing reasons, the Court finds that

defendant's motion for new trial should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of February, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court