```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )         8:04CR358
                               )
          v.                   )
                               )
JEROME DANIELS, SR.,           )         MEMORANDUM OPINION
                               )
               Defendant.      )
_____)
```

This matter is before the Court on defendant Jerome Daniels, Sr.'s ("Daniels") motion under 28 U.S.C. § 2255 to vacate his conviction and sentence (Filing No. 110). Upon review of the motion and the applicable law, the Court finds Daniels' motion should be denied.

A § 2255 motion must be made within one year of the latest of --

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Daniels' motion does not allege that governmental action prevented him from filing an earlier motion, does not rely on a newly recognized right made retroactive to cases on collateral review, and does not state claims which rely on newly discovered facts.  Therefore, subsection (f)(1) of § 2255 applies to Daniels' motion.

The one-year statute of limitations period for Daniels' § 2255 motion began to run on August 7, 2007, which is ninety days after his conviction was affirmed by the Eighth Circuit Court of Appeals on direct appeal.  *See United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006).  Daniels filed this motion on February 9, 2009, outside the one-year statute of limitations period.  Thus, Daniels' § 2255 motion is barred by the statute of limitations.

Daniels claims his § 2255 motion was timely because he filed a Rule 33 motion for a new trial on February 6, 2008 (Filing No. 89), which the Court denied on February 12, 2008 (Filing No. 91).  However, the Rule 33 motion did not effect the date Daniels' conviction became final, nor did it toll the statute of limitations for asserting his § 2255 motion.  *See*

-2-

*Trenkler v. United States*, 268 F.3d 16, 20-24 (1st Cir. 2001); *United States v. Redd*, No. 08-60195, 2009 WL 531768, at * 2 (5th Cir. March 4, 2009)(slip opinion); *Rouse v. United States*, No. Civ. 06-04008, 2006 WL 858974, at * 2 n. 3 (D.S.D. March 28, 2006)(unpublished).

Based on the foregoing, Daniels' § 2255 motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 3rd day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court