IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR358 |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME DANIELS, SR., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion under Rule 60(b)(6) (Filing No. 115) to vacate the memorandum opinion (Filing No. 113) and order and judgment (Filing No. 114) denying defendant's § 2255 motion. Upon review, the Court finds the motion should be denied.

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a party to seek relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)(quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)(per curiam)).

In this case, defendant seeks relief from the Court's order and judgement dated April 3, 2009, wherein the Court denied defendant's § 2255 motion as untimely (*See* Filing Nos. 113, 114). Defendant impliedly concedes that his § 2255 motion was untimely

under the statute of limitations stated in 28 U.S.C. § 2255(f) but now claims that his motion was subject to equitable tolling. While the doctrine of equitable tolling is available to a § 2255 movant, it should only be applied where the movant was diligent in pursing the matter and "extraordinary circumstances" exist. *Untied States v. Martin*, 408 F.3d 1089, 1092-93, 1095 (8th Cir. 2005).

Defendant argues such circumstances exist in this case because the Court erroneously misled him into believing that his time to file a § 2255 motion was tolled during the time he appealed the Court's denial of his motion for a new trial.  As support, defendant points to letters dated June 10, 2008, and December 2, 2008, that the Court sent the defendant.  The June 10th letter was in response to the defendant's letter to the Court, which was dated a few days after he filed a notice of appeal with the Eighth Circuit regarding the denial of his motion for a new trial.  In relevant part, the June 10th letter stated: "You have asked for an extension of time in which to file a § 2255 proceeding.  However, your case is presently in the United States Court of Appeals for the Eighth Circuit pursuant to the notice of appeal which you filed on April 11, 2008."  (Filing No. 115, ex. B).  The December 2nd letter, which was in response to a second letter by the defendant, stated in part: "I am unable to advise you as to the time you have to file your § 2255 motion.  I

would recommend you do so as soon as practicable." (Filing No. 115, ex. D).

The contents of these letters did not in any manner indicate that the defendant's time for filing a § 2255 motion was altered, extended, or otherwise impacted by his appeal. Accordingly, the Court finds defendant's claims are entirely without merit, and there is no basis for finding his § 2255 motion was subject to equitable tolling.

Further, even if defendant's § 2255 motion was subject to equitable tolling, the motion was still untimely. The one-year limitations period for defendant's § 2255 motion started running on August 7, 2007 (*See* Filing No. 113). Assuming the limitations period was tolled during the pendency of defendant's appeal of the denial of his motion for a new trial, the clock would have stopped running from April 11, 2008, the date defendant filed his notice of appeal, to June 26, 2008, the date the Eighth Circuit dismissed the appeal. As a result, defendant would have been entitled to an additional 77 days to file his § 2255 motion. However, defendant did not file his § 2255 motion until February 9, 2009, which is well outside the one-year limitations period even after the tolled period is added.

Based on the foregoing, defendant's § 2255 motion was not subject to equitable tolling, and was untimely even if it was

subject to equitable tolling.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court